PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN SILVESTRE GUTIÉRREZ, Defendant and Appellant.

No. 4752. Argued May 18, 1932.—Decided November 21, 1932.

28

*R. Cuevas Zequeira* for appellant.    *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Juan Silvestre Gutiérrez was convicted of offering a bribe to Rafael Emmanuelli, a police sergeant, for the purpose of securing immunity from prosecution for the operation of slot machines. The district attorney exhibited a number of bills and asked the prosecuting witness whether the bills offered as a bribe were like those exhibited. After the witness had answered in the affirmative, counsel for defendant objected to the question and the judge said that all bills were alike. Defendant took an exception and the remark made by the district judge is assigned as error. It was not reversible error.

Later, on admitting these bills in evidence over the objection of defendant, the district judge said: "The court

is of the opinion that it is unnecessary to identify the bills in this case so specifically. Even if the bills had not been seized, the crime would have been committed independently of that." We agree with counsel for appellant that this remark was superfluous. We cannot agree that it may have given the jury an idea that an offer of the money was not an essential element of the offense. Obviously, what the judge meant was that it could make little difference whether or not the bills offered in evidence were the same bills that had been offered as a bribe; that the question for the jury was whether defendant had offered the prosecuting witness money, and that in order to establish that fact it was not necessary to produce the money itself as evidence. In this we find no error.

The testimony of Emmanuelli showed that Gutiérrez was in the possession and control of certain slot machines. Gutiérrez, at the time of the offense and of his arrest, carried a satchel which contained some keys and certain small tools. Emmanuelli testified that these keys were used in opening slot machines. Later, this satchel and its contents were offered in evidence and admitted by the district judge as tending to establish ownership of the slot machines. Answering defendant's objection to the admission of these articles in evidence, the district judge said that he thought this evidence tended to corroborate the testimony of Emmanuelli as to defendant's interest in the slot machines. Defendant's connection with these machines was admitted and established by the testimony for the defense. The error, if any, of the district judge cannot now be regarded as a ground for reversal.

There was no error in permitting Emmanuelli, over defendant's objection, to describe the manner in which slot machines are operated, in order to show that a slot machine, when used as a gambling device, is a lottery.

During the course of defendant's cross-examination of the prosecuting witness, Emmanuelli, the district attorney

stated that there were several slot machines in the secretary's office and requested that one of these be exhibited to the jury. Defendant objected and the district judge said: "The jury undoubtedly has seen those machines. They are very common; everybody knows them." This was one way of sustaining defendant's objection. The comment was unnecessary but it was not clearly prejudicial.

Rosario Negrón testified, as witness for defendant, that she was employed by the same firm as was the defendant; that her employer had dictated a letter to sergeant Emmanuelli; that she had typed the letter, placed it in a sealed envelope and had then placed the envelope in the drawer of her desk where there was another sealed envelope which contained ten dollars in bills, the balance of a week's salary which witness had put away for herself; and that when Gutiérrez called for the letter, which he was to take to Emmanuelli, witness by mistake gave him the pay envelope. After counsel for defendant and the district attorney had finished the examination of this witness, the district judge asked her why she had not addressed the envelope which contained the letter to Emmanuelli. Her answer was that it was not the custom to address envelopes containing personal letters to be delivered by an employee. Defendant did not object to the judge's question. Even if counsel had objected and had taken an exception to an adverse ruling on such objection, the conduct of the district judge could not be deemed an abuse of discretion.

The district judge denied a motion for a new trial. The principal ground of the motion was that the verdict was contrary to the evidence. The gist of the argument is that there was no prosecution pending against Gutiérrez and that what he said at the time of the offer evinced a purpose to obtain exemption from persecution rather than from prosecution. Appellant assumes the necessity of a pending prosecution. No authority is cited in support of this theory. Several days before the incident which gave rise to the

present prosecution, sergeant, Emmanuelli had seized two slot machines in the possession of one Cortés and laid the case before the district chief of police. Gutiérrez appeared and persuaded the district chief of police to deliver the machines to him. The district chief assented to this because there was not, in his opinion, sufficient evidence to justify the filing of a complaint in that particular case. At the same time he instructed Emmanuelli in the presence of Gutiérrez to make a vigorous campaign against the operation of slot machines and to make an effort to secure more satisfactory evidence. It was on the following Saturday morning that Gutiérrez approached Emmanuelli on the subject of police protection. Saturday afternoon was the time when slot machines were most likely to be found in operation. Gutiérrez told Emmanuelli that the police campaign against the slot machines represented by Gutiérrez was costing a great deal of money; that he was losing money and that he, Gutiérrez, wanted to harmonize with the police. Emmanuelli answered that the only way to harmony was to stop using the machines for gambling purposes because otherwise it was the duty of the police to seize them and that he intended to put them out of business. Gutiérrez then said: "We can fix that," and Emmanuelli replied: "It cannot be fixed. The only way to fix it is to stop gambling." Gutiérrez then took from his pocket an envelope and said: "I am bringing this here for you and I promise to bring your share weekly in accordance with the condition of the business." The jury was justified in drawing the inference that Gutiérrez was attempting to purchase police protection. The verdict was not contrary to the evidence and the district judge did not err in overruling the motion for a new trial.

The last assignment specifies error in a number of isolated extracts from the charge to the jury. Some of these statements are open to criticism. If counsel for defendant had called the attention of the trial judge to these defects, he would have had an opportunity to correct them. No ex-

ception was taken to any part of the instructions as given and, construing the language now criticized by appellant in the light of the context, we find no fundamental error in the charge as a whole.

The judgment appealed from must be affirmed.